IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY O. SHEDWICK,**

    Petitioner,

    v.

**WARDEN, NORTH CENTRAL
CORRECTIONAL INSTITUTION,**

    Respondent.

**CASE NO. 2:13-CV-01230
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers**

### REPORT AND RECOMMENDATION

Petitioner Timothy O. Shedwick, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 2011 convictions in the Franklin County Court of Common Pleas on two counts of aggravated burglary with firearm specification. (*Petition*, ECF No. 3, PageID# 32.) Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction (claim one); and that he was denied effective assistance of counsel and representation of counsel in post-conviction proceedings (claims two and three). This matter is before Petitioner's October 23, 2014 and December 24, 2014, *Motions for Summary Judgment,* (ECF Nos. 11, 13) and Respondent's opposition. (ECF Nos. 12, 14). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motions for Summary Judgment*, (ECF Nos. 11, 13), be **DENIED.**

**Standard of Review**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: citing to particular parts of materials in the record" or "showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court views the facts and any inferences that can be drawn from them in the light most favorable to the nonmoving party. *Jeter v. Ahmed*, No. 1:13-cv-244, 2014 WL 1961919, at *1 (S.D. Ohio May 15, 2014)(quoting *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007)(internal quotation marks omitted). The central issue involves " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad*, 328 F.3d at 234-35 (quoting *Anderson,* 477 U.S. at 251-52).

Consideration of Petitioner's *Motion for Summary Judgment* under this standard plainly fails. Petitioner acknowledges in his October 23, 2014, motion that Respondent disputes the material facts Petitioner raises in support of his claims. Petitioner even requests an evidentiary hearing to resolve these factual disputes. ECF 11, PageID# 990. Under these circumstances, summary judgment is not appropriate.

The record likewise fails to reflect that Petitioner's December 24, 2014, *Motion for Summary Judgment* is warranted. In that motion, Petitioner asks the Court to grant him summary judgment on the basis of Respondent's failure to respond. ECF 14. The record, however,

indicates that on October 27, 2014, and January 2, 2015, Respondent filed a *Response* to Petitioner's motions.  ECF 12, 14.

For these reasons, the Magistrate Judge **RECOMMENDS** that Petitioner's *Motions for Summary Judgment,* (ECF Nos. 11, 13) be **DENIED**.

        _s/ *Elizabeth A. Preston Deavers*_
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**

**January 21, 2015**