**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIMOTHY SHEDWICK,**

      **Petitioner,**

      **v.**

**WARDEN, NORTH CORRECTIONAL
INSTITUTION,**

      **Respondent.**

      **CASE NO. 2:13-CV-1230
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant *Petition,* ECF No. 3, Respondent's *Return of Writ,* (ECF No. No. 7), Petitioner's *Traverse,* (ECF No. No. 8), Respondent's *Reply,* (ECF No. No. 10), and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED,** and that this action be **DISMISSED.**

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On December 2, 2010, a Franklin County Grand Jury indicted Timothy Shedwick with two counts of aggravated burglary in violation of R.C. 2911.11, four counts of aggravated robbery in violation of R.C. 2911.01, eight counts of robbery in violation of R.C. 2911.01, and four counts of kidnapping in violation of R.C. 2905.05. The counts all contained a firearm specification pursuant to R.C. 2941.145, a repeat violent offender specification pursuant to R.C. 2941.149, or both.  [FN1] The indictment also charged Cory Shedwick, Timothy's brother, with the same offenses plus two additional counts of having a weapon while under disability in violation of R.C. 2923.13. The charges arose out of two home

1

invasions that occurred in Columbus, Ohio, in December of 2009. Both Shedwicks entered not guilty pleas to the charges and proceeded to a jury trial.

FN1. The indictment charged the Shedwicks' other brother, David, with the same offenses. This court has already affirmed David's convictions of these offenses. *State v. Shedwick*, 10th Dist. No. 11AP–709, 2012–Ohio–2270.

By the time of the second trial, [FN2] however, Timothy Shedwick only faced two charges: one count of aggravated burglary and one count of aggravated robbery. Those charges arose from one home invasion that occurred on December 26, 2009. Cory Shedwick faced four charges: two counts of aggravated burglary and two counts of aggravated robbery. Those charges arose from the December 26 home invasion and another one that occurred on December 5, 2009.

FN2. A previous trial ended in a mistrial, as the jury was unable to reach a verdict.

The Shedwicks were tried together. At the trial, one victim from each of the robberies testified about the home invasions. Rodolfo Vazquez Mendoza was a victim of a home invasion on December 5, 2009. He testified that while he was asleep, two women and three African–American men entered the apartment where he lived with three other people. The intruders woke him up and forced him and the other occupants to the floor. The intruders took money, both U.S. dollars and Mexican pesos, and an ipod. Geronimo Encarnacion, who lived less than a mile from Mendoza, was a victim of a similar home invasion on December 26, 2009. Encarnacion testified that early in the morning of the 26, three African–American men and two white women broke into his house where he lived with four other people. The intruders forced Encarnacion and the other occupants to the floor and searched the house. They took money, cell phones, a television, and keys to two SUVs. Neither victim could identify any of the intruders involved in the robberies.

More significantly, Angela and Alyssa Weant also testified. Angela Weant was the mastermind of these home invasions. She testified that before the home invasions, she was a prostitute working the Hispanic community. From time-to-time, she would take the wallets of her customers. At some point, however, she decided to just go into the mens' homes and steal money from them. She picked homes where Mexicans lived because she

2

believed they would have lots of cash on hand because they did not use banks and they would not talk to the police for fear of being deported. (Tr. 254–55.) On December 5, 2009, she asked one of her drug dealers, David Shedwick, and another woman, only known as "Tasha," to join her in her first home invasion. David Shedwick brought along his brother, Cory Shedwick. Angela picked the first home because she had been there the night before. The two women knocked on the door and when someone inside opened the door, all four entered the apartment. The four went through the home and took money and jewelry. Angela testified that her sister, Alyssa, and Timothy Shedwick were not involved with this home invasion.

Angela testified that she and the Shedwick brothers robbed a number of homes that December until their last robbery on December 26, 2009. In addition to Cory and David Shedwick, Timothy Shedwick and Angela's sister, Alyssa, took part in the December 26, 2009 robbery. That robbery followed the same pattern as the December 5 robbery, although this time they forced open a back door of the house. They went through the house and took money, cell phones, and a television. They also took the keys to two SUVs. Angela and Alyssa took the SUVs and, later that same day, began to drive home in them. On their way, however, police stopped Alyssa for driving a stolen vehicle. Police questioned Alyssa. She told them that her sister, Angela, and the three Shedwick brothers were involved in at least two home invasions. Police arrested Angela shortly thereafter. Angela also admitted to all of the home invasions and told the police about the involvement of the Shedwick brothers and Alyssa.

As a result, the Weant sisters and the Shedwick brothers were all indicted for multiple offenses arising from these home invasions. Both Weant sisters entered into plea agreements with the State before the Shedwicks' trial. The sisters each agreed to plead guilty to one count of aggravated burglary and to testify truthfully against any of their co-defendants in exchange for the State's recommendations that they receive a seven-year prison term and that they receive judicial release after six of those years.

The jury found Timothy and Cory Shedwick guilty of all counts and the attendant specifications. The trial court sentenced both Shedwicks accordingly.

Appellant, Timothy Shedwick, appeals in case No. 12AP–3 and assigns the following errors:

3

[1]. THE TRIAL COURT ERRED, DEPRIVING DEFENDANT–APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN IT DENIED APPELLANT'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT WHEN THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE WOULD NOT SUPPORT THE CONVICTIONS.

[2.] APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN HIS COUNSEL (1) PERMITTED THE INTRODUCTION OF EVIDENCE OF UNCHARGED OTHER ALLEGED BAD ACTS OF APPELLANT, AND (2) PERMITTED, WITH OBJECTION, THE TESTIMONY OF A POLICE OFFICER TO THE HEARSAY DESCRIPTIONS OF THE PERPETRATORS OF THE CRIME IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION.

*State v. Shedwick*, Nos. 12AP-3, 12AP-20, 2012 WL 5494614, at *1-2 (Ohio App. 10th Dist. Nov. 13, 2012). On November 13, 2012, the appellate court affirmed the judgment of the trial court. *Id*. On March 13, 2013, the Ohio Supreme Court dismissed the appeal. *State v. Shedwick*, 134 Ohio St.3d 1486 (Ohio 2013).

Petitioner pursued post conviction relief.

Pursuant to R.C. 2953.21, appellant filed a petition for post-conviction relief with a request for an evidentiary hearing. The petition was accompanied with a motion for appointment of counsel and motion for expert assistance. The trial court denied appellant's petition for post-conviction relief, without a hearing, because it determined that the petition lacked merit. Given that decision, the court also denied appellant's motion for appointment of counsel and motion for expert assistance.

II. ASSIGNMENTS OF ERROR

Appellant filed a timely notice of appeal and assigns the following as error: [FN1]

4

> FN1. In a supplemental brief, appellant raised an additional assignment of error contending that the trial court erred by denying his petition for post-conviction relief on the merits. Plaintiff-appellee, the state of Ohio, moved to strike the brief, and on June 20, 2013, this court granted the motion to strike on grounds that appellant filed the supplemental brief without prior leave of court. Therefore, we decline to address the issue raised in the supplemental brief.
>
> [I.] The trial court erred, denying due process to Appellant, Incarcerated and Indigent, when it failed to appoint Counsel to investigate and assist in obtaining evidence to support evidentiary hearing.
>
> [II.] The trial court abused its discretion in denying post conviction petition before allowing the use of the Public Defender's discretion.

*State v. Shedwick*, No. 12AP-954, 2013 WL 3356672, at *1 (Ohio App. 10th Dist. June 28, 2013). On June 13, 2013, the appellate court affirmed the judgment of the trial court. *Id.* On November 6, 2013, the Ohio Supreme Court dismissed the appeal. *State v. Shedwick*, 136 Ohio St.3d 1560 (Ohio 2013).

Thereafter, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the evidence is constitutionally insufficient to sustain his convictions and that his convictions are against the manifest weight of the evidence (claim one); that he was denied the effective assistance of counsel and the appointment of counsel in post-conviction proceedings (claims two and three); and that he was denied due process and the assistance of counsel because the state appellate court dismissed his petition for post conviction relief before the public defender indicated whether it would represent Petitioner in those proceedings (claim four). It is the position of the Respondent that Petitioner's claims are waived or otherwise fail to provide a basis for relief.

**Procedural Default**

It is the position of the Respondent that Petitioner has waived his claims that he was denied the effective assistance of counsel based on his attorney's failure to object to the prejudicial joinder of his trial with that of the co-defendant, and counsel's refusal to permit him to testify on his own behalf.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 724; *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner

6

> failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138 (internal quotations omitted).  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error.  *Id.* "Cause" under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all.  *Id.* at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc*, 456 U.S. 107, 135 (1892)).  Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Petitioner's claims that he was denied the effective assistance of counsel because his attorney failed to object to improper joinder and prevented him from testifying on his own behalf are waived based on Petitioner's failure to raise these claims on direct appeal where he was represented by new counsel.  His failure to raise the claims on direct appeal is a clear procedural default based on the rule in Ohio that errors which appear on the face of the record must be raised on direct appeal or be deemed to have been forfeited. If petitioner were to attempt his claims by any other means, they would be barred by Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981*); State v. Perry*, 10 Ohio St.2d 175.

The procedural rule barring Petitioner's claims for relief constitutes adequate and independent state grounds for denying relief. The requirement that all available claims be asserted in the first appellate proceeding serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.  Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole; State v. Ishmail; State v. Perry.*

Petitioner argues that the Court nonetheless may consider these claims pursuant to Ohio Criminal Rule 52(B), which provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  He argues that the Court should address his claims of the denial of the effective assistance of counsel because his attorney deprived him of right to testify on his own behalf and in view of the nature of the purported testimony he would have offered.  *Traverse*, (ECF No. No. 8, PageID# 860.)

The appellate court did not review Petitioner's allegations for plain error or otherwise address the allegations of ineffective assistance of counsel referred to due to Petitioner's failure to present the claims to the state appellate court.  Further, even had the state appellate court reviewed his claims for plain error, a state court's plain error review does not save the underlying claim from a procedural default.  *See Rodriguez v. Warden, S. Corr. Fac.,* 940 F.Supp. 2d 704 (S.D. Ohio 2013) (citing *Lungdren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (a state court's plain error review enforces the procedural bar); *see also Conley v. Warden, Chillicothe Correctional Inst.*, 505 F. App'x 501, 506 (6th Cir. 2012) (a state court's alternative ruling on the merits does not save a petitioner from procedural default where claim waived on the basis of plain error).

The Court concludes that petitioner therefore has waived his claim of the denial of the effective assistance of counsel based on his attorney's failure to object to the joinder of trials or because his attorney prevented Petitioner from testifying on his own behalf.  Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003).  Constitutionally ineffective assistance of counsel may constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451(2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986)).  However, petitioner has offered neither sufficient evidence of cause or prejudice to permit federal habeas corpus review.

Petitioner cannot offer ineffective assistance of appellate counsel as cause for his failure to raise a claim of ineffective assistance of trial counsel on direct appeal, as such claim has never been presented to the state courts, and therefore is likewise procedurally barred from review. *Edwards v. Carpenter*, 529 U.S. at 451–52 (2000) (internal citation omitted).

**Merits**

**Standard of Review**

The findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e) (1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e) (1). Moreover, the Ohio Supreme Court's decision concluding that the guilty plea substantially complied with Ohio Criminal Rules determining whether a guilty plea is knowing, intelligent or voluntary does not provide a basis for relief, unless the decision unreasonably applied or contravened federal law, or the decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (1), (2).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow,* ––– U.S. ––––, ––––, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559

U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d) (1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362. *Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, ——, 131 S.Ct. 1388, 1398 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21, 123 S.Ct. 2527 (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington*, 131 S.Ct. at 786 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d) (1), courts must focus on the reasonableness of the result, not on

the reasonableness of the state court's analysis.  *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (" '[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.' " (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)); *see also Nicely v. Mills,* 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d) (1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster,* 131 S.Ct. at 1398.  Put simply, "review under § 2254(d) (1) focuses on what a state court knew and did."  *Id.* at 1399.

**Claim One**

In claim one, Petitioner asserts that the evidence is constitutionally insufficient to sustain his convictions and that his convictions are against the manifest weight of the evidence. Petitioner argues that the jury convicted him based on uncharged other-acts evidence, hearsay identification by a police officer, and due to the prejudicial joinder of his case with that of the co-defendant.  Petitioner contends that only "hearsay, rumor and innuendo" linked him to the crimes.  He contends that the denial of the effective assistance of counsel compounded the error.[1]

A federal court may only issue a writ of habeas corpus on behalf of a person in custody pursuant to the decision of a state court if his custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).  Thus, "[a] federal court may not issue the writ on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984). A manifest

---

[1]  The Court will address the remainder of Petitioner's claim of the denial of the effective assistance of counsel *infra*.

weight of the evidence claim is an alleged error of state law that is not cognizable in this Court.

Under Ohio law, "[w]eight of the evidence concerns 'the inclination of the greater amount of

credible evidence, offered in a trial, to support one side of the issue rather than the other. . . .'

*State v. Thompson*, 78 Ohio St.3d 380, 386 (Ohio 1997) (citations omitted). "When a court of

appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of

the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's

resolution of the conflicting testimony." *Id*. A federal habeas court, however, may not "reweigh

the evidence or re-determine the credibility of the witnesses whose demeanor has been observed

by the trial court" because, in habeas proceedings, "[i]t is the province of the factfinder to weigh

the probative value of the evidence and resolve any conflicts in testimony." *Matthews v.*

*Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citations omitted).

Because a federal habeas court does not function as an additional state appellate court

vested with the authority to conduct such an exhaustive review, Petitioner's claim that his

convictions were against the manifest weight of the evidence cannot be considered by this Court.

Petitioner also asserts that the evidence is constitutionally insufficient to sustain his

convictions.  The state appellate court rejected this claim, reasoning as follows:

> Sufficiency of the evidence is a legal standard that tests whether
> the evidence introduced at trial is legally adequate to support a
> verdict.  *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d
> 541 (1997). Whether the evidence is legally sufficient to support a
> verdict is a question of law. *Id*.
>
> In determining whether the evidence is legally sufficient to support
> a conviction, " '[t]he relevant inquiry is whether, after viewing the
> evidence in a light most favorable to the prosecution, any rational
> trier of fact could have found the essential elements of the crime
> proven beyond a reasonable doubt.'" *State v. Robinson*, 124 Ohio
> St.3d 76, 919 N.E.2d 190, 2009–Ohio–5937, ¶ 34, quoting *State v.*
> *Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two
> of the syllabus. A verdict will not be disturbed unless, after

viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

In this inquiry, appellate courts do not assess whether the state's evidence is to be believed, but whether, if believed, the evidence admitted at trial supports the conviction. *State v. Yarbourgh*, 95 Ohio St.3d 227, 767 N.E.2d 216, 2002–Ohio–2126, ¶ 79–80 (evaluation of witness credibility not proper on review for sufficiency of evidence); *State v. Bankston*, 10th Dist. No. 08AP–668, 2009–Ohio–754, ¶ 4 (noting that "in a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime.").

Timothy argues that there is insufficient evidence to establish his participation in the December 26th home invasion. We disagree. As Timothy concedes, the Weant sisters both testified that he was involved in that home invasion. This testimony, if believed, is sufficient to conclude that Timothy participated in the December 26 home invasion. *State v. Hunter*, 10th Dist. No. 10AP–599, 2011–Ohio–1337, ¶ 31–32, quoting *State v. Mills*, 62 Ohio St.3d 357, 368, 582 N.E.2d 972 (1992) (noting that the Supreme Court of Ohio has concluded that " 'accomplice testimony alone can sustain conviction.'"). Accordingly, his convictions arising from that home invasion are supported by sufficient evidence.

*State v. Shedwick,* 2012 WL 5494617, at *3-4.[2]

---

[2] The state appellate court also concluded that the manifest weight of the evidence supported Petitioner's convictions:

Timothy Shedwick argues that the Weant sisters could not accurately perceive or recall the events in question because of their drug use. The jury was made aware of the sisters' extensive drug use and obviously chose to believe their testimony. This is within the province of the jury, and we cannot say that the jury clearly lost its way in making this determination. *State v. Petty*, 10th Dist. No. 11AP–716, 2012–Ohio–2989, ¶ 41 (drug use of witnesses does not make convictions against manifest weight of the evidence).

Both of the Shedwicks argue that their convictions were against the manifest weight of the evidence because the Weant sisters received benefits in exchange for their testimony as the result of a plea agreement they reached with the State. We disagree. The jury was repeatedly made aware of the plea bargain and the

14

A criminal defendant may be convicted consistent with the United States Constitution only if the evidence adduced at trial is sufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilty." *Id.* (quoting *Jackson*, 443 U.S. at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presumeeven if it does not appear on the recordthat the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, at 326).

Further, this Court must afford a "double layer" of deference to state court determinations about the sufficiency of the evidence. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due to the jury's finding of guilt because the standard, established by *Jackson v. Virginia,* is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still

---

benefits the Weant sisters received as a result of the agreement. See (Tr. 194, 213, 230–31) (Alyssa); (Tr. 294–96) (Angela). The jury was free to believe or disbelieve their testimony in light of the plea bargain and to determine the weight of their testimony. *State v. Womack*, 10th Dist. No. 06AP–322, 2006–Ohio–6785, ¶ 14; *State v. Rankin*, 10th Dist. No. 10AP–1118, 2011–Ohio–5131, ¶ 30. The jury obviously chose to believe their testimony that the Shedwicks were involved in the robberies. That determination was within the jury's province. . . .

*State v. Shedwick*, 2012 WL 5494617, at *5.

defer to the state appellate court's sufficiency determination as long as it is not unreasonable."
*Id.*; *see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

Petitioner does not appear to dispute the factual findings of the state appellate court, nor has he meet his burden of rebutting the presumption of correctness given these findings under the AEDPA.  Petitioner generally argues that the state trial court improperly permitted admission of certain evidence against him and that prosecution witnesses lacked credibility.  As discussed, the Court does not evaluate the credibility of prosecution witnesses in determining whether the evidence is constitutionally sufficient to sustain a conviction.  Angela and Alyssa Weant testified regarding Petitioner's participation in the crimes charged, and this testimony alone constituted sufficient evidence to sustain Petitioner's convictions, as the state appellate court found.

**Claim Two**

In claim two, Petitioner asserts that he was denied the effective assistance of counsel based on his attorney's failure to object to the admission of other bad acts evidence, failure to investigate, and failure to object to hearsay testimony of police.  The state appellate court dismissed these claims, reasoning as follows:

> Timothy Shedwick contends in his second assignment of error that he received ineffective assistance of trial counsel. We disagree.
>
> To establish a claim of ineffective assistance of counsel, an appellant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him. *State v. Jackson*, 107 Ohio St.3d 53, 836 N.E.2d 1173, 2005–Ohio–5981, ¶ 133, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley,* 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

In order to show counsel's performance was deficient, an appellant must prove that counsel's performance fell below an objective standard of reasonable representation. *Jackson* at ¶ 133. The appellant must overcome the strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland* at 689. To show prejudice, the appellant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 892 N.E.2d 864, 2008–Ohio–3426, ¶ 204.

Timothy Shedwick first contends that his trial counsel was ineffective for failing to object to inadmissible hearsay testimony from a police officer used to bolster the credibility of the Weant sisters' testimony. *State v. Nichols,* 116 Ohio App.3d 759, 689 N.E.2d 98 (10th Dist. 1996). The testimony Timothy complains of are vague height and weight descriptions of two of the men involved in one of the robberies from the victims of that robbery. The police officer who took those descriptions repeated them to the jury. Assuming that trial counsel was deficient for not objecting to this testimony, Timothy cannot prove that the result would have been different had trial counsel objected to the testimony. Timothy argues that these descriptions bolstered the Weant sisters' testimony identifying him as one of the perpetrators of the robbery. We note that the victims gave these descriptions the morning of the robbery.

Timothy cites to the *Nichols* case to support his argument. However, the descriptions involved in the Nichols case were made one year after the event. *See State v. McKenna,* 10th Dist. No. 03AP–177, 2003–Ohio–5997, ¶ 19 (distinguishing Nichols for same reason); *State v. Brown*, 7th Dist. No. 96 C .A. 64 (Mar. 26, 1999) (same). Additionally, the descriptions in the case at bar were very vague and did not include descriptions for all three of the men involved. In light of the timing and the vague nature of the descriptions at issue, we cannot say that there is a reasonable probability that, but for trial counsel's failure to object to these descriptions, the result of this trial would have been different.

Timothy Shedwick also contends that his trial counsel was ineffective for failing to object to testimony indicating his involvement in other uncharged crimes. Specifically, the Weant sisters testified about his involvement in other home invasions for which he was not charged. Timothy argues that such testimony was not admissible because it was not relevant and did not tend to prove any proper purpose under Evid.R. 404(B). We disagree.

17

Evid.R. 404(B) permits evidence of "other crimes, wrongs, or acts * * * as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." "Evidence of crimes may be introduced to prove identity if the defendant 'committed similar crimes within a period of time reasonably near to the offense on trial, and that a similar scheme, plan or system was utilized to commit both the offense at issue and the other crimes.'" *State v. Tipton*, 10th Dist. No. 04AP–1314, 2006–Ohio–2066, ¶ 28, citing *State v. Shedrick*, 61 Ohio St.3d 331, 337, 574 N.E.2d 1065 (1991), and *State v. Lowe*, 69 Ohio St.3d 527, 634 N.E.2d 616 (1994), syllabus ("To be admissible to prove identity through a certain modus operandi, other-acts evidence must be related to and share common features with the crime in question.").

Here, the uncharged crime about which the Weant sisters testified was another home invasion that occurred a month before the December 26 crime at issue here. This earlier robbery occurred under circumstances similar to the December 26 robbery and involved most of the same perpetrators. Both robberies targeted Hispanic men inside their homes in the same area of the city. In light of the similarity of the two home invasions, the sisters' testimony was admissible under Evid.R. 404(B) to prove a similar scheme, plan, or system. *State v. Wilson*, 10th Dist. No. 10AP–251, 2011–Ohio–430, ¶ 16–20 (evidence of similar robberies would have been admissible under rule). The testimony also was relevant and not unfairly prejudicial. Evid.R. 403. Therefore, counsel was not ineffective for failing to object to it. *State v. Graggs*, 10th Dist. No. 09AP–339, 2009–Ohio–5975, ¶ 36 (no ineffective assistance of counsel for failing to object to testimony that was properly admitted).

Timothy Shedwick has not demonstrated the ineffective assistance of trial counsel. Accordingly, we overrule his second assignment of error.

*State v. Shedwick,* 2012 WL 5494617, at *6-7.

"In all criminal prosecutions," the Sixth Amendment affords "the accused . . . the right . . . to Assistance of Counsel for his defence." U.S. Const. amend. VI. "Only a right to 'effective assistance of counsel' serves the guarantee." *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011) (citation omitted).

The United States Supreme Court set forth the legal principals governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 556 (1984). *Strickland* requires a petitioner claiming ineffective assistance of counsel to demonstrate that his counsel's performance was deficient and that he suffered prejudice as a result. 466 U.S. at 687; *Hale v. Davis,* 512 F. App'x 516, 520 (6th Cir. 2013).  A petitioner "show[s] deficient performance by counsel by demonstrating 'that counsel's representation fell below and objective standard of reasonableness." *Poole v. MacLaren*, No. 12–1705, 547 F. App'x 749, 2013 WL 6284355, at *5 (6th Cir. 2013) (quoting *Davis v. Lafler*, 658 F.3d 525, 536 (6th Cir. 2011) (internal quotation marks omitted) and citing *Strickland,* 466 U.S. at 687).  To make such a showing, a petitioner "must overcome the 'strong [ ] presum[ption]' that his counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Poole*, 2013 WL 6284355 at *5 (quoting *Strickland*, 466 U.S. at 687).  "To avoid the warping effects of hindsight, [courts must] 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Bigelow v. Haviland*, 576 F.3d 284, 287 (6th Cir. 2009) (quoting *Strickland,* 466 U.S. at 689).  Petitioner has failed to meet this standard.

The state appellate court determined that the state trial court complied with Ohio law when permitting the introduction of other acts evidence.  "[I]t is not the province of a federal court to reexamine the state-court determinations on state-law questions." *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  "[T]his Court defers to a state's interpretation of its own laws." *Troiano v. Warden*, 2015 WL 196405, at *10 (S.D. Ohio Jan. 15, 2015) (citing *Allsup v. Sheldon,* No. 3:11–cv–2210, 2013 WL 3200641, at *4 (N.D.Ohio June 24, 2013) (citing *Estelle,* 502 U.S. at 67–68; *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)).  Petitioner therefore cannot establish the denial of the effective assistance of counsel on this basis.

The state appellate court concluded that Petitioner had failed to establish prejudice based on trial counsel's failure to object to alleged hearsay testimony by police.   To satisfy the second *Strickland* prong, prejudice, a petitioner "must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hale*, 512 F. App'x at 520 (quoting *Strickland*, 466 U.S. at 694). "This means [a petitioner] must show a 'substantial, not just a conceivable, likelihood of a different result.'" *Id.* (quoting *Pinholster,* 131 S.Ct. at 1403 (internal quotation marks and citation omitted)). Thus, this Court's review of ineffective assistance claims under § 2254(d) is "'doubly deferential." *Id* . (quoting *Pinholster,* 131 S.Ct. at 1403 (internal quotation marks and citation omitted)).

Officer Ewing testified as to the general descriptions provided by the alleged victims upon his arrival at the scene.[3]  "The victims were able to provide descriptions of the perpetrators limited to sex, race, and approximate size to police arriving on scene when called." *Brief of Appellant-Defendant,* (ECF No. No. 7-2, PageID# 626) (citing *Transcript*, at 104-06; 111, 115).[4] "The victims were not able to identify anyone from a photo lineup or otherwise for detectives subsequently investigating the crime." *Id.* (citing *Transcript,* at 47, 62, 69).

In view of the vague nature of the testimony complained of, Petitioner cannot establish state appellate court unreasonably concluded that Petitioner failed to establish prejudice under the *Strickland* test.   None of the victims identified the Petitioner or provided a specific description of the perpetrators of the offense.   Petitioner acknowledges Officer Ewing's

---

[3] Officer Ewing testified that he was told by one or more of the victims that the male suspect with the gun was about 6' tall and 170 lbs., a second male suspect was 5'8'' or 5'9'' and 140-150 lbs., with no description of the third male suspect given.  One of the females was described as 5'5" and 200 lbs.  There was no description noted for the other female.  Tr. 105-106*." Brief of Appellant-Defendant*, ECF No. 7-2, PageID# 626.

[4] The trial transcript has not been made a part of the record before this Court.

testimony was so vague that it failed to implicate Petitioner in the crimes charged.  *Traverse,* (ECF No. 8, PageID# 861.)

Petitioner also asserts that his trial counsel failed to investigate and locate an alibi witness.  Petitioner attached an affidavit from Genesis Hankinson to his petition for post conviction relief.  *See* (ECF No. 7-3, PageID# 735.)  Hankinson's affidavit, notarized on July 28, 2012, indicates that she would have testified that Petitioner was home with her sleeping on the night of the alleged offense.  *Id.*  However, after the denial of Petitioner's motion for judgment of acquittal, the record indicates that a brief recess took place during which time defense counsel discussed with Petitioner whether the defense would be calling any witnesses.  Counsel subsequently indicated on the record that Petitioner did not wish to call Hankinson as a defense witness.

> The Court: *** Other than your clients, who may or may not testify, do you have any other witnesses you plan on calling?
>
> [Counsel]:  Genesis Hankinson, who's here in the hallway, but I want to talk to Mr. Shedwick about those matters.
>
> ***
>
> (Recess taken)
>
> ***
>
> Your Honor, thank you.  Mr. Shedwick, and as you know in the previous trial back in June, he did testify, so did his girlfriend Genesis Hankinson, regarding his alibi.  Mr. Shedwick and I have been back and forth the last couple days whether he was going to testify.  He just informed me he would rather not have Genesis testify, nor does he wish to take the stand.
>
> [The Court]:  is that correct, Tim?
>
> Mr. Shedwick:  Yes.

(ECF No. 7-3, PageID# 758-59.)  The foregoing exchange indicates that that defense counsel, after conferring with the Petitioner, made a strategic decision not to call Hankinson as a defense witness, and that Petitioner was in agreement with that decision.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]"  *Id*. at 690-91.  Such appear to be the circumstances here.  Petitioner therefore cannot establish that his attorney performed in a constitutionally ineffective manner in this regard.

**Claims Four and Five**

In claim four, Petitioner asserts that he was denied the assistance of counsel in post conviction proceedings.  In claim five, Petitioner asserts that the state court abused its discretion and violated state law when it denied his petition for post conviction relief without first permitting the public defender to indicate whether it would represent Petitioner in those proceedings.  The state appellate court rejected this claim as follows:

> An indigent petitioner has neither a state nor federal constitutional right to be represented by an attorney in a post-conviction proceeding. *State v. Crowder*, 60 Ohio St.3d 151, 152 (1991), citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Nevertheless, pursuant to R.C. 120.16(A) (1) and (D), an indigent petitioner is statutorily entitled to representation by a public defender on a post-conviction petition if the public defender concludes that the issues raised by the petitioner have arguable merit. *State v. Madison*, 10th Dist. No. 08AP–246, 2008–Ohio–5223, ¶ 15. Conversely, a trial court does not err by denying a post-conviction petitioner's motion for appointment of counsel when the court determines that the petitioner is not entitled to an evidentiary hearing. *Id*. In order for the trial court to grant a hearing, the petitioner must provide evidence that demonstrates a cognizable claim of constitutional error that renders the petitioner's conviction or sentence void. *Id*. at ¶ 7. A trial court may deny a defendant's petition for post-

conviction relief without a hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief. *Id.*

Upon review, we conclude that, because the trial court properly determined that appellant was not entitled to a hearing, the trial court did not err by denying appellant's motion for appointment of counsel. Therefore, we overrule appellant's first and second assignments of error.

*State v. Shedwick*, 2013 WL 3356672, at *1-2.

There is no right to counsel beyond the first appeal as of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Further, Petitioner's claim that the state courts improperly deprived him of the opportunity for representation by the Ohio Public Defender presents an issue of state law, that does not provide a basis for federal habeas corpus relief. As discussed, it is not this Court's function, in the context of a habeas corpus proceeding, to interpret state law. That job is left to the state courts, and "the views of the state's highest court with respect to state law are binding on the federal court." *Wainwright v. Goode*, 464 U.S. 78, 84 (1983). Federal courts may issue a writ of habeas corpus only to remedy violations of federal law; "federal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus (ECF No. 3) be **DENIED,** and that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


         _s/ *Elizabeth A. Preston Deavers*__
         ELIZABETH A. PRESTON DEAVERS
         UNITED STATES MAGISTRATE JUDGE

Date:  October 5, 2015