IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY SHEDWICK,

      Petitioner,

    v.

WARDEN, NORTH CORRECTIONAL
INSTITUTION,

      Respondent.

CASE NO. 2:13-CV-1230
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On October 5, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  (ECF No. 17.)  This matter is before the Court on Petitioner's Objection to the Magistrate Judge's Report and Recommendation.  (ECF No. 18.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection* (ECF No. 18) is **OVERRULED**.  The Report and Recommendation (ECF No. 17) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

Petitioner asserts that the evidence is constitutionally insufficient to sustain his convictions and that his convictions are against the manifest weight of the evidence; that he was denied the effective assistance of counsel and the appointment of counsel in post-conviction proceedings; and that he was denied due process and the assistance of counsel because the state appellate court dismissed his petition for post-conviction relief before the public defender indicated whether he would represent Petitioner in those proceedings.  The Magistrate Judge recommended dismissal of Petitioner's claims as waived, due to his failure to establish cause and

prejudice for his procedural default, or as without merit. Petitioner objects to the Magistrate Judge's recommendations.

Specifically, Petitioner objects, *inter alia*, to the factual findings of the state appellate court. He disputes the accuracy of the testimony of prosecution witnesses. He contends that he did not waive a claim of ineffective assistance of counsel because he properly raised it in post-conviction proceedings. He objects to the Magistrate Judge's conclusion that he has committed a procedural default. He again argues that he has presented meritorious claims for relief.

Petitioner waived his claim of denial of effective assistance of counsel based on his attorney's failure to object to the prejudicial joinder of his trial with that of the co-defendant and counsel's refusal to permit him to testify on his own behalf because he failed to raise the claim on direct appeal. This claim plainly appears on the face of the record and therefore would not have been properly raised in post-conviction proceedings. Petitioner's claim that his convictions are against the manifest weight of the evidence does not provide a basis for federal habeas corpus relief. His claims relating to the denial of the assistance of counsel in post-conviction proceedings present issues regarding the purported violations of state law which likewise do not provide a basis for federal habeas relief. Petitioner has failed to rebut the presumption of correctness afforded to factual findings of the state appellate court. *See* 28 U.S.C. § 2254(e). Further, for all of the reasons already well detailed in the Magistrate Judge's Report and Recommendation, this Court concludes that Petitioner has failed to present any meritorious claims for relief.

Therefore, Petitioner's Objection (ECF No. 18) is **OVERRULED**. The Report and Recommendation (ECF No. 17) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

      /s/  GREGORY L. FROST
GREGORY L. FROST
United States District Judge