IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY SHEDWICK,**

    **Petitioner,**

    v.

**WARDEN, NORTH CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:13-CV-1230**
**JUDGE GREGORY L. FROST**
**MAGISTRATE JUDGE KEMP**

## OPINION AND ORDER

On October 27, 2015, the Court entered judgment dismissing the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Petitioner's November 30, 2015 Motion for Certificate of Appealability.  For the reasons that follow, the Court **DENIES** Petitioner's Motion for Certificate of Appealability.   (ECF No. 22.)

Petitioner asserts that the evidence is constitutionally insufficient to sustain his convictions; his convictions are against the manifest weight of the evidence; he was denied effective assistance of counsel and appointment of counsel in post-conviction proceedings; and was denied due process and the assistance of counsel because the state appellate court dismissed his petition for post-conviction relief before the public defender indicated whether he would represent Petitioner in those proceedings.  The Court dismissed Petitioner's claims as procedurally defaulted or as being without merit.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C.

§ 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n.4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*. The Court is not persuaded that Petitioner has met either of these standards here.

The Court, therefore, **DENIES** Petitioner's Motion for Certificate of Appealability. (ECF No. 22.)

**IT IS SO ORDERED.**

_____
GREGORY L. FROST
United States District Judge